# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BLUE SPIKE LLC,<br>BLUE SPIKE INTERNATIONAL LTD.,<br>and WISTARIA TRADING LTD.,<br><br>     Plaintiffs,<br><br>  v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>     Defendant. | Civil Action No. 1:19-cv-158-LPS-CJB<br><br>JURY TRIAL DEMANDED |
| BLUE SPIKE LLC,<br>BLUE SPIKE INTERNATIONAL LTD.,<br>and WISTARIA TRADING LTD.,<br><br>     Plaintiffs,<br>  v.<br>COMCAST CABLE<br>COMMUNICATIONS, LLC,<br><br>     Defendant. | Civil Action No. 1:19-cv-159-LPS-CJB<br><br>JURY TRIAL DEMANDED |
| BLUE SPIKE LLC,<br>BLUE SPIKE INTERNATIONAL LTD.,<br>and WISTARIA TRADING LTD.,<br><br>     Plaintiffs,<br><br>  v.<br><br>DISH NETWORK CORPORATION,<br>DISH NETWORK L.LC., and DISH<br>NETWORK SERVICE L.L.C.,<br><br>     Defendants. | Civil Action No. 1:19-cv-160-LPS-CJB<br><br>JURY TRIAL DEMANDED |

## RULE 26(f) JOINT LETTER TO THE HONORABLE LEONARD P, STARK

January 16, 2020

**VIA ELECTRONIC FILING**
Honorable Leonard P. Stark
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Unit 26, Room 6124
Wilmington, DE  19801-3555

Re:   *Blue Spike LLC, et al. v. Charter Communications, Inc.*, Case No. 1:19-cv-00158-LPS—CJB; *Blue Spike LLC, et al v. Comcast Cable Communications, LLC,* Case No. 1:19-cv-00159-LPS-CJB, and; *Blue Spike LLC, et al v. DISH Network Corp., et al,* Case No. 1:19-cv-00160

Dear Chief Judge Stark,

The parties in the above captioned cases hereby submit this joint letter, the joint proposed scheduling order, and the Court's Checklist as the deadline for these submissions were tied together by stipulation of the parties.

### 1. What These Cases Are About

These are related, though not consolidated, patent infringement cases brought by Blue Spike LLC, et al. ("Blue Spike" or "Plaintiffs").  Defendants Charter Communications, Inc. ("Charter"), Comcast Cable Communications, LLC ("Comcast"), and DISH Network Corp., et al ("DISH") (collectively, "Defendants") are the Defendants in these matters.  As detailed in each Complaint, Blue Spike alleges that it is the owner of certain asserted patents [1] relating to technologies for rights management and content security (the "Asserted Patents").  Blue Spike alleges the Asserted Patents result in the systems and methods to secure distribution of digitized media content, while preserving the ability of publishers to make available unsecured versions of the same media content; systems, methods, and devices for trusted transactions in connection with sophisticated security, scrambling, and encryption technology by, for example, steganographic encryption, authentication, and security means; systems and methods for protecting digital information by identifying and encoding a portion of the content's format information, and; systems, methods, and devices that generate, monitor, and authenticate packet watermarking data and efficiently provision the allocation of bandwidth.  In general, each Complaint alleges the Defendants directly and indirectly infringe the Asserted Patents through each Defendant's respective digital streaming services and devices.

---

[1] Of the original twelve asserted patents, claim 1 of U.S. Patent No. 7,287,275 was found invalidated by this Court under 35 U.S.C. § 101.  (Charter D.I. 35 at 2.)  Therefore, Blue Spike effectively now asserts the remaining 11 patents against some of the Defendants.

Comcast and DISH have each answered the Complaint, denying infringement and alleging that the Asserted Patents are invalid. Comcast and DISH have also asserted a defense of prosecution history estoppel and other limits to the doctrine of equivalents.

Comcast has also asserted a defense of an express license, an implied license and/or patent exhaustion. Comcast has also asserted a defense of failure to state a claim. DISH has also asserted a defense of waiver and/or estoppel. Furthermore, as to Comcast, this Court dismissed Blue Spike's infringement assertions as to five patents under Rule 12(b)(6), and granted leave for Blue Spike to file an amended complaint. D.I. 17 & 19.

For its part, Charter has brought a motion to dismiss for failure to state a claim (Charter D.I. 17), which was granted in part, denied in part, and taken under advisement in part by this Court. (Charter D.I. 35 at 1-2.) Charter is not due to file a responsive pleading until after that motion is fully resolved and Blue Spike has filed an amended complaint.

DISH has filed petitions for *inter partes* review ("IPR") with the Patent Trial and Appeal Board ("PTAB") challenging every asserted claim of all five of the Asserted Patents in DISH's suit. DISH has filed a motion to stay litigation pending a decision to institute DISH's IPR petition. (DISH D.I. 16 at 1.) This Court has denied DISH's motion without prejudice. (DISH D.I. 22 at 1.)

## 2. Parties' Positions Regarding Disputes in the Proposed Scheduling Order

There are certain disputes regarding the discovery order at this time, as discussed below.

## 3. Four Most Significant Topics (Other Than Scheduling Order Disputes) Discussed During the Parties' Review of the Checklist Items

The parties are in general agreement on the approach to discovery and disclosure issues. The parties dispute the appropriateness of early claim construction and certain motions. Following the exchange of contentions, the Parties intend to confer further on discovery and other issues, to the extent needed.

Potential Early Claim Construction & Related Summary Judgment Motion.

*Parties' Position:* Charter has suggested that the Court may wish to address, at an earlier stage, the construction of the claim term "degrade," various forms of which are used in two of the asserted patents. With respect to Charter's motion to dismiss, oral argument revealed a dispute concerning the proper construction of this term which precluded dismissal of two counts alleging infringement of the patents employing this term. Blue Spike disputes the necessity and appropriateness of a "super-early" claim construction for the term "degrade," and related summary judgment motion. Blue Spike's position is that both the "super-early" construction and related early summary judgment motion are preemptive, as with or without an early construction on the term "degrade" the record has created genuine issues of material fact. Charter seeks to raise this issue for discussion at the upcoming scheduling conference, but defers to the Court on whether early resolution

of this dispute could streamline contentions and discovery in this case by eliminating two additional patents.

      <u>Motions to Stay.</u>

      *Parties' Position:*  Subject to the institution of at least one DISH's six pending IPR petitions, DISH intends to renew its motion to stay litigation.  (DISH D.I. 16.)  The PTAB will issue institution decisions on every one of these petitions between January 28 and February 13, 2020.  Blue Spike intends to oppose any such motion.

      <u>Standing.</u>

      *Parties' Position:*  There is currently an unresolved issue of standing before this Court in *Blue Spike LLC, et al, v. Roku, Inc.,* Civ. No. 1:17-cv-00928-LPS-CJB ("Roku"). (Roku D.I. 52.)  Defendants intend to flag this issue for the Court.  Blue Spike's position is that given these issues have already been fully argued and briefed before the Court in *Roku,* further litigation would be a waste of this Court's time and judicial resources. Defendants' position is that if during discovery the Defendants encounter similar issues over the Plaintiffs' ownership of the Asserted Patents, Defendants intend to challenge Plaintiffs' standing.

      <u>Email Discovery.</u>

      *Parties' Position:*  The parties dispute the necessity and appropriateness of email discovery.  While Blue Spike does not intend to seek unduly burdensome email discovery and is willing to stipulate to a reasonable process, Blue Spike cannot yet foreclose the possibility that documents that are relevant to Blue Spike's infringement assertions are contained in Defendants' emails.  As such, Blue Spike cannot foreclose the possibility that email discovery may be necessary.  The Defendants' position is that Blue Spike cannot justify the burden of email discovery for technical documents as proportional to the needs of this case, as neither pre-suit notice nor willfulness are at issue in this case. In any event, the parties have agreed that email discovery will be postponed until other discovery and exchanges have occurred and upon entry of a mutually agreeable order regarding Electronically Stored Information.

Respectfully,

DEVLIN LAW FIRM LLC

*/s/ Timothy Devlin*
Timothy Devlin (No. 4241)
tdevlin@devlinlawfirm.com
James M. Lennon ((#4570)
jlennon@devlinlawfirm.com
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorneys for Plaintiffs*
*Blue Spike LLC, Blue Spike*
*International Ltd., and*
*Wistaria Trading Ltd.*

OF COUNSEL:

Thomas L. Duston
Kevin D. Hogg
Raymond R. Ricordati, III
John J. Lucas
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, IL 60606
(312) 474-6300
tduston@marshallip.com
khogg@marshallip.com
rricordati@marshallip.com
jlucas@marshallip.com

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com

*Attorneys for Defendant Charter*
*Communications, Inc.*

CONNOLLY GALLAGHER LLP

*/s/ Arthur G. Connolly*

|  | Arthur G. Connolly, III (#2667) |
|--|--|

Arthur G. Connolly, III (#2667)
Ryan P. Newell (#4744)
1201 North Market Street
20th Floor
Wilmington, DE 19801
(302) 757-7300
aconnolly@connollygallagher.com
rnewell@connollygallagher.com

*Attorneys for Defendant*
*COMCAST CABLE COMMUNICATIONS,*
*LLC*

OF COUNSEL:

G. Hopkins Guy, III
BAKER BOTTS L.L.P
1001 Page Mill Road
Palo Alto, CA 94304
(650) 739-7500

Ali Dhanani
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, TX 77002
(713) 229-1108

Jamie R. Lynn
BAKER BOTTS L.L.P.
The Warner
1299 Pennsylvania Avenue, NW
Washington, DC  20004
(202) 639-7700

January 16, 2020

Enclosures
cc:      Clerk of Court (by e-filing)
            All Counsel of Record (by e-filing)

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*
_____
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@mnat.com

*Attorneys for Defendants DISH Network*
*Corporation, DISH Network L.L.C., and*
*Dish Network Services, L.L.C.*